PER CURIAM.
Appellant, plaintiff in the trial court, commenced an action by filing a petition and affidavit pursuant to the provisions of Ch. 88, Fla.Stat., F.S.A., otherwise known as the “uniform reciprocal enforcement of support law”, to require appellee-defendant to pay the arrearages due under a support order entered in the State of Pennsylvania. By appropriate motion, the appellant attacked the counterclaim contending the trial court did not have jurisdiction to entertain same pursuant to the express provisions of § 88.291, Fla.Stat., F.S. A.[1] The trial court denied the motion and this appeal ensued. We reverse.
By the clear import of the statute, the chapter was to confer jurisdiction on the circuit court solely for the purpose of enforcing a reciprocal support order. The actions of the trial judge should have been governed by the statute as interpreted in Blois v. Blois, Fla.App.1962, 138 So.2d 373, and therefore the order here under review be and the same is hereby reversed, with directions to the trial court to dismiss the counterclaim for divorce.
Reversed and remanded, with directions.

. “ * ⅜ * Participation in any proceedings under this chapter shall not confer upon any court jurisdiction of any of the parties thereto in any other proceeding.”