### ANDRIOLA, et al v. BROWARD COUNTY, et al.
No. 76-5.
Circuit Court, Broward County.
November 15, 1976.

Allan M. Elster and William T. Coleman, Jr. of Mamber, Gopman, Epstein & Foosaner, North Miami Beach for the plaintiffs.

Betty Lynn Lee, General Counsel, Broward County, Thomas G. Wright, Jr., Assistant General Counsel, and Joseph A. Caldwell of Muller & Mintz, Miami, for the defendant Broward County.

Thomas W. Brooks, Staff Attorney, Tallahassee, for the intervenor, Public Employees Relations Commission.

STEPHEN R. BOOHER, Circuit Judge.

*Amended order:* This cause having come on to be heard upon all pending motions, and the court having heard argument of counsel and being otherwise fully advised in the premises, all pending motions before the court are disposed of as follows —

(1)   There being no objection from counsel for defendant, Broward County, et al., and intervenor, PERC, plaintiffs' various motions for joinder of parties filed pursuant to Rule 1.250(c) of the Florida Rules of Civil Procedure, are hereby granted and pursuant thereto the following named individuals are joined herein as party plaintiffs: Clark Thompson, Jerold James Williams, Albert Jern, George Scheyer, Nina Jean Erhardt, Edwin M. Hoyn, Harry R. Strelecki, Roger Lucchese, Constance W. Hendricks, Arthur Goldstein, Alfred D. Riley, Thomas Joyce, Helene Martin, Ray Bourne, William Hentz and Robert W. Ochs.

(2) Intervenor, Public Employees Relations Commission, has filed a motion to dismiss Count I of the amended complaint alleging that the Public Employees Relations Commission has exclusive jurisdiction over the allegations in Count I of the amended complaint relying on the 4th District Court of Appeal's decision in *Betty Maxwell et al. vs. School Board of Broward County,* Case No. 75-1285 (Fla. 4th D.C.A., March 26, 1976). [330 So.2d 177] Intervenor, PERC, joined in by defendants, Broward County, et al., argues that the 4th District Court of Appeal in *Maxwell* held that PERC has exclusive jurisdiction over activities that are "arguably" covered by the provisions of Part II of Chapter 447. Plaintiffs counter with the argument that the *Maxwell* court did not have before it the question of whether a suit predicated under Florida Statute 447.17, with respect to "public employees" is pre-empted by Part II of Chapter 447, the *Tucker Act.* The court in its prior order of April 19, 1976 denied intervenor's original motion to dismiss, but stayed any action on Count I of the complaint until the unfair labor practices pending before that commission in Case No. 8H-CA-752-0198 had been determined or disposed of on the grounds that PERC has primary jurisdiction in this area. The parties have advised the court that PERC, after an administrative investigation without a trial on the merits, dismissed those charges. Prior to the court rendering a decision, counsel for the plaintiffs requested that the court certify this question pursuant to Rule 4.6 of the Florida Rules of Appellate Procedure, i.e., whether or not PERC has *exclusive* jurisdiction, where public employees are concerned, over activities which are arguably covered by the provisions of Part II of Chapter 447, to-wit: Florida Statute 447.501, notwithstanding the fact that these same activities would constitute a cause of action under Florida Statute 447.17.

A formal motion to certify this question was thereafter filed by plaintiffs pursuant to Rule 4.6 of the Florida Rules of Appellate Procedure.

In order to certify a question of law under Rule 4.6, two criteria must be met —

> (1) the question or proposition of law to be certified must be without controlling precedent in this state; and

> (2) the question or proposition of law must be determinative of the cause.

As to the first criteria, the court is of the opinion that the question of whether or not a suit predicated under Florida Statute 447.17 by public employees is pre-empted by Part II, Chapter 447, the *Tucker Act,* is without controlling precedent in this state. As

to the second criteria, the court is of the opinion that a disposition of this question to be certified would not be determinative of the entire cause. The court interprets the term "cause" as used in Rule 4.6 as meaning a disposition of the entire cause of action and not one count in a complaint. Since the entire cause has not been disposed of by any ruling dismissing Count I, *all* the pre-requisites of Rule 4.6 have not been satisfied and the motion to have this question certified is denied.

The court further is compelled to grant PERC's motion to dismiss Count I. The court, as stated, feels that the pre-emption question raised by this motion is a case of first impression in this state, but because of the broad language in the 4th District Court of Appeal's decision in *Maxwell*,[1] the court grants PERC's motion to dismiss with prejudice and this cause as it relates to Count I of the complaint is dismissed.

(3) Defendants', Broward County et al., motion for judgment on the pleadings directed to Count II of the amended complaint, which is an action predicated on the Sunshine Law, Florida Statute 286.011, is granted. The essence of the allegations in Count II are that plaintiffs were denied "due notice" of Broward County Commission action, which affected these plaintiffs. Florida Statute 286.011 does not contain a requirement that in order for a public meeting to be in essence "public," the public must be notified of all matters coming before the commission. All the statute requires is that the public be notified of the meeting itself. The allegations therefore in Count II of the amended complaint can be disposed of as a matter of law. *Hough vs. Stembridge*, 278 So.2d 288. This cause as it relates to Count II of the complaint is dismissed.

(4) Defendants', Broward County et al., motion for judgment on the pleadings directed to Count III of the amended complaint is denied. Count III of the amended complaint incorporates by reference therein the allegations of Counts I and II which in essence allege arbitrary and capricious actions by the commission and Broward County directed against the plaintiffs, thus denying them procedural due process guaranteed under the constitution of the state of Florida and the constitution of the United States. The court is of the opinion that Count III of the amended complaint

---

1. The *Maxwell* court held that:
   ". . . We, therefore, conclude that the principles of pre-emption are applicable to the functioning of PERC: jurisdiction over labor activities is pre-empted in favor of PERC, if the activities are 'arguably' covered by the provisions of Part II, Chapter 447, supra, . . .".

states a cause of action since all facts alleged therein must be taken as true and cannot be disposed of as a matter of law by a judgment on the pleadings.