MELVIN, Judge.
The appellant, Local Union # 2135, International Association of Firefighters, has perfected its appeal from an order entered by the Circuit Court of Marion County, Florida, that denied its application for an order to compel arbitration of unresolved issues pending between the City of Ocala and said Union, said arbitration of issues to be conducted under the Arbitration Statute of the State of Florida.
The City of Ocala and the Union entered into a collective bargaining agreement effective October 1, 1976, to continue in full force and effect through September 30, 1977. Such agreement contained the following provisions:
“. . It [the agreement] shall be renewed automatically from year to year thereafter, unless either party shall have notified the other in writing at least one hundred twenty (120) days prior to the anniversary date that such party desires to modify the Agreement. This notice will contain the section or sections the requesting party wished to modify or add. All other sections will remain in effect. In the event that such notices are given, negotiations shall begin no later than one hundred ten (110) days prior to the anniversary date. At the end of thirty (30) days of negotiation, any unresolved issues shall be submitted to arbitration in accordance with State Law.” (Emphasis added)
The City and the Union were not in agreement as to the matters to be included in the renewal contract. On August 25, 1977, the City took the position that the parties were in a deadlock in negotiations because, so the City contended, the Union had refused to discuss with the City its proposals. The City concluded and charged that the Union thus had bargained in bad faith.
On October 15, 1977, the President of the Union communicated with the Public Employees Relations Commission and in such communication declared that the parties were at impasse and requested the Commission to appoint a special master. Section 447.403, Florida Statutes (1977). Pursuant to such request and the statute referred to, the Commission appointed a special master. The special master did not meet with the parties, however, because the proceedings were stayed pending resolution of the City’s unfair labor practice charge. Thereafter, the Union filed in the Circuit Court of Marion County its application for appointment of an arbitrator and application for an order compelling arbitration. These applications were filed pursuant to Chapter 682, Florida Statutes (1977). On January 11, 1978, the Union filed its motion with the Public Employees Relations Commission to stay the special master’s proceedings pending the resolution of its application for appointment of an arbitrator by the Circuit Court. On January 24, 1978, the Public Employees Relations Commission entered *585 its order denying the Union’s motion. Thereafter, the City filed in the Circuit Court its motion to dismiss the Union’s application for appointment of an arbitrator and application for an order compelling arbitration. This motion by the City was granted on May 11, 1978.
We here note that the court is at grips with a union-city disagreement relating to a governmental as distinguished from propriety function.
In its order dismissing the petition with prejudice, the court made several adjudications, but it will only be necessary that this court deal with one, such being dispositive of the issue before this court. The trial court held that jurisdiction in this matter had been preempted by the Public Employees Relations Commission Act, the Union by its President having activated the provisions of such act by declaring an impasse and requesting the Commission to appoint a special master.
It was the legislative intent by the enactment of Chapter 447, Florida Statutes (1977), to provide the method of resolving labor disputes between public employers and public employees, with the Public Employees Relations Commission having preemptive jurisdiction as to such matters. We find that the disputes existing between the City and the Union are “arguably” covered by the provisions of Chapter 447, Florida Statutes (1977). See Maxwell v. School Board of Broward County, 330 So.2d 177 (Fla. 4th DCA 1976). Jurisdiction over the disputes between the Union and the City having been preempted in favor of the Public Employees Relations Commission, such Commission has jurisdiction of the disputes pursuant to the provisions of such chapter.
The order dismissing the petition of the Union with prejudice is AFFIRMED.
McCORD, C. J., and BOOTH, J., concur.