WENTWORTH, Judge.
The City of Jacksonville (City) appeals the trial court’s judgment construing the terms of a city ordinance to be ineffective to prevent police entitlement to a service pay increase provided by the ordinance, although the Fraternal Order of Police (FOP) had not bargained for the increase. We affirm.
On October 1, 1977, a collective bargaining agreement (agreement) between the FOP and the City became effective. At that time, Section 102.301, Municipal Code, provided for a $240 service increase to employees based on five year increments. The agreement did not specifically mention this ordinance or service pay increases but contained a savings clause which provided:
All matters pertaining to terms of employment and working conditions guaranteed by law to employees within the bargaining unit shall apply to the extent that they are not in conflict with the provisions of this agreement.
The plaintiffs, FOP members and negotiators, testified they had understood that service increases had been, and were in 1977, non-negotiable. The chief negotiator for the City agreed that the City’s previous position had been that service raises were non-negotiable.
After completing the contract negotiations with FOP and entering into the agreement, the City apparently changed its policy and negotiated with three other bargaining units an increase in the service raises to $300. This increase was effected by Ordinance 78-1202-571. FOP requested that its members receive the service increase and the City refused, contending they were not entitled to it since it had not been negotiated. The City then passed Ordinance 78-1400-713, after the proceeding before us had been initiated, purporting to clarify the intent of Ordinance 78-1202-571, and stating that it was prospective only and that, where bargaining agreements existed with savings clauses, those clauses referred only to the law as it existed on the date of the agreement. The City refused to pay FOP members the service pay increase and FOP’s class action for declaratory and other relief proceeded to judgment.
Although the question of jurisdiction was not raised by the parties, we have first considered whether the Public Employees Relations Commission (PERC) should be accorded exclusive jurisdiction of the issues raised. After examining the applicable law, we conclude that the cause is not within the exclusive jurisdiction of PERC. See Maxwell v. School Board of Broward County, 330 So.2d 177 (Fla. 4th DCA 1976). The action in both form and substance is one to determine the effect of the City’s ordinance. Relief was accorded by construing the provision of Ordinance 78-1202-571 granting a service raise “unless ‘a different amount of increase ... is provided in a collective bargaining agreement approved by the Council and in force and effect, then the terms of the agreement shall prevail . .’ ” That language in turn required interpretation of the collective bargaining agreement savings clause, supra. The effect of the final judgment is to hold that Ordinance 78-1202-571 grants the *708 raise to plaintiffs because the above quoted exception in the ordinance does not apply to plaintiffs’ agreement, which preserved all non-negotiated benefits “guaranteed by law” without restriction to the terms of then existing law. The order does not refer to the later ordinance containing an attempted unilateral addendum to such agreements, but we conclude appellant has shown no error in this respect.
The savings clause in the agreement is susceptible of the interpretation that benefits under law are non-negotiable and not controlled by the agreement, and the evidence supports this conclusion reached by the trial court. The plaintiffs testified they believed the raises were non-negotiable pri- or to and at the 1977 session; the City’s chief negotiator agreed the raises had been non-negotiable prior to 1977. The evidence was conflicting regarding the status of the service raises at the 1977 bargaining sessions, but such evidentiary conflicts are for the trial court to resolve and its finding will not be disturbed on appeal unless clearly erroneous. Brune v. Kings Creek of Gainesville, Inc., 317 So.2d 848 (Fla. 1st DCA 1975).
Accordingly, the judgment of the trial court is affirmed.
McCORD and LARRY G. SMITH, JJ„ concur.