COBB, Judge.
The Laborers’ International Union of North America, Local 517 (Laborers) appeals from the circuit court’s dismissal of the Laborers’ complaint for declaratory relief against appellees, The Greater Orlando Aviation Authority (GOAA) and the City of Orlando, for lack of jurisdiction.
In May of 1977 the Laborers were certified by the Florida Public Employees Relations Commission (PERC) as the exclusive bargaining agent for certain employees of the GOAA. During negotiations, the GOAA refused to bargain with the Labor *717 ers based on section 10 [1] of chapter 75-464, Laws of Florida, the act creating the GOAA and defining its authority. The GOAA’s position was that this section deprived it of authority to bargain.
The Laborers’ complaint for declaratory relief alleged the foregoing facts and sought a judgment declaring the authority of the GOAA to bargain collectively, the right of the GOAA to refuse to bargain collectively, and the immunity of the GOAA or its agents from prosecution for executing a contract with the Laborers independent of the prescriptions of chapter 75-464. The Laborers alleged that the Authority was not barred from bargaining, either because the section was unconstitutional in light of article I, section 6, Florida Constitution, or that the designation of the Laborers by PERC as the exclusive bargaining agent constituted “unusual circumstances” under section 10 of chapter 75-464. The City of Orlando was added as a defendant on the basis that the City had taken the same position with regard to the application of chapter 75 — 464 that the GOAA had taken.
The trial court read the complaint to be seeking a declaration that the GOAA had committed an unfair labor practice by refusing or failing to bargain collectively. If this were all the plaintiff were seeking, then the matter would have been within the scope of PERC’s regulatory control. The trial court would have properly exercised its discretion by declining jurisdiction because no justiciable issue was presented, and because the plaintiff had made no effort to exhaust his administrative remedies. See Morrison v. Plotkin, 77 So.2d 254 (Fla.1955). It is a matter of justiciability and not jurisdiction. As the Florida Supreme Court has said:
The determination of whether the circumstances of a particular controversy warrant judicial intervention, then, is ultimately one of policy rather than power

Gulf Pines Memorial Park, Inc. v. Oak Lawn Memorial Park, Inc., 361 So.2d 695, 699 (Fla.1978).
However, the complaint sub judice is seeking a declaration concerning the authority of the GOAA to bargain. An issue of authority to bargain and authority to provide compensation to GOAA employees in excess of compensation provided to City of Orlando employees is separate and distinct from an issue of whether the GOAA has indeed committed an unfair labor practice. It is appropriate for the circuit court, and not an administrative agency, to consider whether chapter 75-464 deprives the GOAA of the authority to collectively bargain, and whether chapter 75-464 places an unconstitutional upper limit on GOAA employees’ compensation, thereby abridging the public employees’ right to bargain collectively. Challenges to the constitutionality of acts of the Legislature are for the courts alone to determine. Adams Packing Ass’n, Inc., 352 So.2d 569, 571 (Fla. 2d DCA 1977). The situation here is similar to that in the Gulf Pines Memorial Park case. The Laborers are not attempting to avoid administrative remedies, but are merely seeking a judicial declaration of rights that could not be obtained administratively. See also Pinellas County Police Benevolent Ass’n v. Hillsborough County Aviation Authority, 347 So.2d 801 (Fla. 2d DCA 1979). Cases where parties sought a judicial declaration of whether a particular activity was an unfair labor practice are distinguishable.[2] The circuit court in this case can limit *718 its declaratory judgment to determining the authority of the GOAA to bargain,[3] and whether chapter 75-464 places an unconstitutional upper limit on employee compensation, without having to invade the province of PERC. The Laborers should pursue their administrative remedy concerning whether there has been an unfair labor practice.
As to the issue of the trial court’s dismissal of the City of Orlando, appellee suggests the trial court may be upheld on the ground that the Laborers’ complaint failed to sufficiently allege the City’s interest. The dismissal was not with prejudice. An amended pleading could readily bring to the trial court’s attention the following language from the GOAA enabling act which should provide the requisite interest[4] for the purposes of joinder as a party in an action for declaratory judgment:
Section 3. Greater Orlando Aviation Authority. There is hereby created a board or commission to be known as the ‘Greater Orlando Aviation Authority,’ and by that name the authority may sue and be sued, plead and be impleaded, contract and be contracted with, and have an official seal. The authority is hereby constituted an agency of the city, and exercise by the authority of the powers conferred by this act shall be deemed and held to be an essential municipal function of the city, (emphasis added). Ch. 75-464, § 6, Laws of Florida (which amended Ch. 57-1658, § 3, as amended by Ch. 57-1834, Laws of Florida).
The Laborers should be given an opportunity to amend their complaint to sufficiently allege the interests of the City of Orlando in this litigation.
Accordingly, the order granting the GOAA’s motion to dismiss the complaint for lack of jurisdiction is reversed, and the cause remanded.
REVERSED and REMANDED.
ORFINGER and FRANK D. UP-CHURCH, Jr., JJ., concur.

. The critical language:
The authority may also employ such other officers, agents and employees under such terms and conditions as it shall consider necessary and appropriate to effectuate its purposes under this act; provided, that the authority shall, except in unusual circumstances where clear justification exists, compensate its officers, agents, and employees at rates not in excess of those paid by the City of Orlando to its employees engaged in similar duties. Ch. 75—464, § 10, Laws of Florida (which amended Ch. 57-1658, § 8(g), as amended by Ch. 67-1834, Laws of Florida).

. Compare Local Union No. 2135 Int'l. Ass’n. of Firefighters v. City of Ocala, 371 So.2d 583 (Fla. 1st DCA 1979); Seitz v. Duval County School Board, 346 So.2d 644 (Fla. 1st DCA 1977); Public Employees Relations Commission v. Fraternal Order of Police, Local Lodge *718 No. 38, 327 So.2d 43 (Fla. 2d DCA 1976). In Maxwell v. School Board of Broward County, 330 So.2d 177 (Fla. 4th DCA 1976), the trial court’s dismissal was reversed where the action concerned cancellation of an incentives award program which was held not to be arguably embraced in Part II, Chapter 447, Public Employees Relations Act.

. The circuit court may wish to harmonize Section 447.309, and especially Section 447.309(3), Florida Statutes (1977), with Chapter 75-464. Compare Pinellas County Police Benevolent Ass’n v. Hillsborough County Aviation Authority, 347 So.2d 801 (Fla. 2d DCA 1979).

. Section 86.091, Florida Statutes (1977), provides in part:
Parties. — When declaratory relief is sought, all persons may be made parties who have or claim any interest which would be affected by the declaration, (emphasis added).