ANSTEAD, Chief Judge.
This is an appeal from an order granting the appellee’s motion to dismiss and motion to quash service of process. The motions were granted with prejudice for lack of personal jurisdiction. We affirm.
The parties were formerly married to each other and were divorced in 1974 in Colorado. In 1982 Helen filed suit in Colorado to collect support payments under the Uniform Reciprocal Enforcement of Support Act (URESA). Ancillary proceedings were then instituted in Broward County, Florida, Ellsworth’s then residence, pursuant to the provisions of URESA to enforce a judgment for arrearages previously entered in Colorado.
Ellsworth subsequently filed a separate action against Helen alleging that she committed two torts against him by knowingly filing false statements in the Broward County, Florida, URESA proceedings. The torts alleged were abuse of process and intentional infliction of emotional distress. Ellsworth further alleged that Helen was personally subject to the jurisdiction of the Florida courts pursuant to section 48.193, Florida Statutes (1973). Helen filed a motion to dismiss and motion to quash service of process. The trial court granted the motions on the grounds that it lacked jurisdiction over Helen.
Ellsworth bases his jurisdictional claim on the fact that Florida law provides for personal jurisdiction over non-residents when the non-resident commits a tort in Florida:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:

(b) Commits a tortious act within this state.
§ 48.193, Fla.Stat. (1973). Ellsworth argues that the torts were committed in Florida because the place of injury is the location of the tortious act for purposes of *857 long-arm jurisdiction under Florida’s statute. Lee B. Stern & Co. v. Green, 398 So.2d 918, 919 (Fla. 3d DCA 1981). Rebozo v. Washington Post Co., 515 F.2d 1208 (5th Cir.1975). In the case at bar, Ellsworth alleges that Helen, by filing falsely sworn documents in the URESA action, committed the torts of abuse of process and intentional infliction of emotional distress. Ells-worth argues that Helen should not be permitted to use the Florida court system to commit a tort upon then-Florida-resident Ellsworth and then hide behind the URESA jurisdictional provisions.
Helen claims the Florida courts have no jurisdiction over her because she instituted suit in Florida under URESA. Helen specifically relies on section 88.291, Florida Statutes, which provides that “Participation in any proceedings under this chapter shall not confer upon any court jurisdiction of any of the parties thereto in any other proceeding.” Consequently, she argues that Florida courts have no personal jurisdiction over her in any other proceeding. She contends that permitting jurisdiction here would undermine the major purpose of URESA: to create a system by which support could be enforced without requiring the person to submit to the general jurisdiction of a foreign court. Helen cites several eases where the Florida courts have adhered to the principle that under URESA the only issue is the obligor’s duty to support, and that Florida courts have refused to enlarge the jurisdiction of the Florida courts to adjudicate other issues. Helmick v. Helmick, 436 So.2d 1122 (Fla. 5th DCA 1983). See also Vecellio v. Vecellio, 313 So.2d 61 (Fla. 4th DCA 1975); Simpson v. Simpson, 247 So.2d 792 (Fla. 3d DCA 1971). In short, she claims that in a URESA proceeding the foreign court has jurisdiction only to determine the obligation and duty of support.
In Balasco v. County of San Diego, 140 Ga.App. 482, 231 S.E.2d 485 (1976), the Georgia Court of Appeals held that Georgia courts did have jurisdiction to consider a similar claim:
The clear purpose of URESA is to improve and extend by reciprocal legislation the enforcement of the duties of support. Ga.Code Ann. § 99-902a. To this end we have no doubt that Code Ann. § 99-928a provides a nonresident petitioner immunity from the jurisdiction of the responding state’s courts if the URESA procedures have been invoked for its legitimate ends — the enforcement of the duties of support. Thibadeau and Register were cases in which there was no question but that URESA was invoked to accomplish these ends and consequently the extraneous counterclaims were properly dismissed under Code Ann. § 99-928a. We do not believe however that § 99-928a provides a petitioner under URESA with blanket immunity from a jurisdictional exercise by the respondent state’s court. There must be some balancing between a petitioner’s right to proceed against a respondent without a concomitant submission to the forum’s jurisdiction under Code Ann. § 99-928a and a respondent’s freedom from judicial harassment by a nonresident’s abuse of the provisions of URE-SA.
We believe that this threshold is reached when the institution of URESA proceedings results in the implication of a tort upon the respondent. In such a case jurisdiction would not be merely ancillary to the petitioner’s initiation of URESA proceedings but rather would be based upon the commission of a tortious act in this state. Code Ann. § 24-113.-1(b). To hold that Code Ann. § 99-928a gives a nonresident absolute immunity to institute URESA proceedings against a resident petitioner without ever being subject to the forum’s jurisdiction would have the inequitable result of providing such petitioner with both the “weapon” of invoking the URESA provisions and the “shield” of absolute jurisdictional immunity while leaving the respondent unarmed and defenseless to unwarranted abuses of an otherwise laudatory legal process. In short, “proceedings” are not “proceedings” under § 99-928a when *858 they are a tort upon a resident respondent.
231 S.E.2d at 488. While we generally agree with the sentiments expressed in this statement, we believe the provisions of section 88.291 so clearly hold to the contrary that we are not authorized to ignore them here.
Section 88.291 specifically provides that participation in URESA proceedings will not confer state court jurisdiction over any of the parties in any other 'proceeding. We believe that “participation” includes “initiation” of proceedings, and that the phrase “any other proceeding” means just what it says, and includes any other civil proceeding arising out of a party’s initiation of the action or participation therein. The fact that URESA proceedings may have been wrongfully initiated or maintained does not affect this jurisdictional qualification or create an exception thereto.
The drafters of this provision apparently felt that to permit jurisdiction for actions such as those involved herein would constitute a substantial impediment to the overall URESA scheme. That scheme attempts to provide an effective means of enforcing support obligations, without requiring the initiating party to personally appear in the foreign jurisdiction where the obligor party is currently residing or to risk having to defend other actions brought by the other spouse in the foreign jurisdiction. We believe the drafters of URESA intended to strictly narrow the scope of the foreign jurisdiction’s authority to the support issues involved. In effect, by authorizing jurisdiction over actions such as the one involved herein, the respondent in any such proceeding could require the petitioner’s presence by simply denying the truth of the allegations of non-support and claiming an improper motive. A petitioner would also be at risk in each instance to respond to a malicious prosecution action if the URESA proceeding was unsuccessful. While we do not believe such provision would bar a court from imposing contempt or other sanctions, we do believe it bars the extension of jurisdiction over other actions between the parties arising out of the URESA proceedings.
Accordingly, for the reasons set out above, we affirm the decision of the trial court.
HURLEY, J., and GREEN, OLIVER L., Jr., Associate Judge, concur.