PER CURIAM.
This is an appeal from an interlocutory trial court order which adopts a general master’s report in an action for child support arrearages brought by a California resident, the former wife Felicidad Gibson, under the Uniform Reciprocal Enforcement of Support Act [URESA], ch. 88, Fla.Stat. (1987). The order under review defers ruling on the child support petition, and takes jurisdiction over a counter-petition which *1140 seeks modification of a foreign (Michigan) final judgment of divorce filed by the former husband Michael Gibson. We have jurisdiction to entertain this appeal. Art. V, § 4(b)(1), Fla. Const.; Fla.R.App.P. 9.130(a)(3)(C)(iii).
Because Section 88.291, Florida Statutes (1987), provides that “[participation in any proceeding under this [URESA] act does not confer jurisdiction upon any court over any of the parties thereto in any other proceeding,” it is clear that the trial court had no jurisdiction to entertain the counter-petition to modify the foreign judgment of divorce between the parties based on the former wife Felicidad Gibson’s participation in the URESA proceeding below; moreover, the fact that the former wife may have been “served” with the counter-petition in California cannot change this result in view of the strong public policy against counter-petitions of this nature in URESA actions. Scales v. Scales, 469 So. 2d 855 (Fla. 4th DCA 1985), rev. denied, 482 So.2d 34 (Fla.1986); see also Helmick v. Helmick, 436 So.2d 1122 (Fla. 5th DCA 1983); Vecellio v. Vecellio, 313 So.2d 61 (Fla. 4th DCA 1975); Simpson v. Simpson, 247 So.2d 792 (Fla. 3d DCA 1971). Indeed, the only time a URESA support petition has been held properly joinable with another proceeding is where, unlike this case, the original marriage dissolution proceeding involving the two parties is presently pending on a related matter in the same court; under these limited circumstances, it has been held that a consolidation is advisable to avoid inconsistent results. Kirby v. Kirby, 405 So.2d 207 (Fla. 3d DCA 1981), dismissed, 412 So.2d 467 (Fla.1982); Ray v. Pentlicki, 375 So.2d 875 (Fla. 2d DCA 1979). We, accordingly, reverse the order under review and remand the cause to the trial court with directions to dismiss the counter-petition and proceed directly to the merits of the URESA child support petition.
As an aside, we would note that the former husband has filed an answer and affirmative defenses which, if proven, may very well negate the claim made in the URESA petition. We accordingly express no views on the merits of either the petition or answer. We hold only that the trial court has no jurisdiction to entertain the counter-petition filed below, and must now proceed to the merits of the URESA petition.
REVERSED AND REMANDED.