PER CURIAM.
Petitioner, the Department of Health and Rehabilitative Services (HRS), brings this cause as a petition for writ of certiorari on behalf of Wende L. Peterson, mother of two minor children for whom child support is being sought by a complaint filed in Broward Circuit Court pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA), chapter 88, Florida Statutes (1991). HRS challenges an order denying its motion to dismiss a counterpetition for dissolution of marriage filed in response to the URESA complaint, by Jon C. Peterson, the father.
We sua sponte redesignate this petition as a petition for writ of prohibition, and therefore restyle the caption to strike Jon C. Peterson and substitute the Hon. C. Lavon Ward as proper party respondent. We grant the petition for writ of prohibition, quash the trial court order denying petitioner’s motion to dismiss and preclude further proceedings in the trial court seeking dissolution of marriage, for reasons which follow.
Section 88.291, Florida Statutes (1991) provides:
Participation in any proceeding under this act [URESA] does not confer jurisdiction upon any court over any of the parties thereto in any other proceeding.
In Scales v. Scales, 469 So.2d 855 (Fla. 4th DCA 1985), rev. denied, 482 So.2d 349 (Fla.1986), this court, applying URESA and particularly the section quoted above, concluded that a trial court lacked subject matter jurisdiction over a former husband’s suit against his former wife alleging that *501 her prior URESA suit for support had been based on false statements. Similarly, in Gibson v. Gibson, 536 So.2d 1139 (Fla. 3d DCA 1988), the third district held that a wife’s participation in a URESA proceeding did not confer on the trial court subject matter jurisdiction to hear a counterpetition to modify a foreign divorce judgment. See also Helmick v. Helmick, 436 So.2d 1122 (Fla. 5th DCA 1983).
These decisions acknowledged the public policy behind application of URESA as an effective means of enforcing support obligations, without requiring the initiating party to appear in foreign jurisdictions to defend other actions brought by the other spouse. URESA was perceived as intended to narrow the scope of the foreign jurisdiction’s authority to the support issues involved. Scales v. Scales, 469 So.2d at 857-858.
For these reasons, we conclude that the trial court in this case lacks subject matter jurisdiction to entertain the father’s coun-terpetition for dissolution of marriage. We grant the petition for writ of prohibition, quash the trial court order denying the motion to dismiss the counterpetition, and withhold actual issuance of the writ on the assumption that the trial court will follow the mandate of this court and bar further dissolution proceedings prohibited by section 88.291, Florida Statutes (1991).
STONE, POLEN and GARRETT, JJ., concur.