SHEVIN, Judge.
Rose Stafford appeals a final summary judgment in favor of Leslie Meek in a legal malpractice action. We affirm.
Stafford, a Dade County School Board employee, filed a legal malpractice action for negligence and breach of fiduciary duty against Meek. Meek, a United Teachers of Dade [UTD] attorney, represented Stafford, on behalf of the UTD, at an administrative dismissal hearing. The UTD affords union members representation pursuant to a collective bargaining agreement between the School Board and the UTD. After the hearing, the UTD followed Meek’s advice and decided not to file exceptions to the hearing officer’s recommendation that the Board terminate Stafford’s employment. Stafford filed an unfair labor practices charge against the UTD with the Public Employees Relations Commission [PERC], alleging that the UTD violated its duty of fair representation by failing to represent her competently. PERC dismissed the charges, finding that the charges were untimely filed and that Stafford did not present a prima facie case. Subsequently, Stafford filed this action against Meek. The court entered summary judgment in Meek’s favor.
We .affirm the judgment holding that the action against Meek provides no avenue of relief for Stafford: a union attorney representing a member in a collective bargaining activity enjoys immunity from a legal malpractice action filed by an individual grievant. It is well settled that union agents may not be held individually liable when they act on behalf of the union in a collective bargaining activity. See Atkinson v. Sinclair Refining Co., 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962), overruled, on other grounds, Boys Markets, Inc. v. Retail Clerks Union, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970). In De Grio v. American Fed’n of Gov’t Employees, 484 So.2d 1 (Fla.1986), the Florida Supreme Court discussed the public policy reasons that afford unions a different standard of care in representing union members and recognized the extension of' union-agent immunity to union attorneys:
We note these policy reasons have motivated courts to hold that attorneys may not be held individually liable for their ¡malpractice in representing union members where the union provides the attorneys’ services as part of its duty of fair representation to an employee in a grievance or termination proceeding.
DeGrio, 484 So.2d at 3 (citing Peterson v. Kennedy, 771 F.2d 1244 (9th Cir.1985), cert. denied, 475 U.S. 1122, 106 S.Ct. 1642, 90 L.Ed.2d 187 (1986)). See Arnold v. Air *927 Midwest, Inc., 100 F.3d 857 (10th Cir.1996); Breda v. Scott, 1 F.3d 908, 909 (9th Cir.1993); Montplaisir v. Leighton, 875 F.2d 1, 4-7 (1st Cir.1989). Here, Meek, a union attorney, represented Stafford pursuant to the UTD’s duty of fair representation in a grievance proceeding. Therefore, De Grio [1] bars the legal malpractice action against Meek as she is immune from liability. Accordingly, the judgment is affirmed.
Affirmed.

. Although the quoted language is dicta, we accord it the weight of persuasive authority.