796 So.2d 1191 (2001)
Eddie Ruth BROWNING, Appellant,
v.
Marc BRODY, Suzy Smith, et al., Appellee.
No. 5D00-2293.
District Court of Appeal of Florida, Fifth District.
September 14, 2001.
Certification Denied October 17, 2001.
*1192 Eddie J. Bell, South Daytona, for Appellant.
Joan Stewart, Tallahassee, for Appellee.
PALMER, J.
Eddie Ruth Browning sued Marc Brody, Suzy Smith, and the Volusia Teachers' Organization (collectively, the Union) for breach of the duty of fair representation. The trial court dismissed her claim with prejudice, concluding that exclusive jurisdiction over the matter rested with Florida's Public Employee Relations Commission (PERC). We affirm.[1]
Labor union activities involving public employees are comprehensively regulated by Chapter 447, Part II of the Florida Statutes; commonly known as the Public Employees Relations Act (the Act). Under the Act, the Legislature created PERC, and empowered that administrative agency "to settle disputes regarding alleged unfair labor practices." § 447.503, Fla. Stat. (1999). The activities prohibited as being "unfair labor practices" are defined in section 447.501 of the Florida Statutes (1999), with subsection (1) applying to employer activities and subsection (2) applying to union activities.[2] Case law interpreting the jurisdictional scope of the Act has broadly included, as falling within PERC's exclusive jurisdiction, those activities which "arguably" constitute unfair labor practices as defined by section 447.501 "or the type of labor matter or dispute *1193 within the contemplation of Part II, Chapter 447." Maxwell v. School Bd. of Broward County, 330 So.2d 177, 180 (Fla. 4th DCA 1976); accord Local Union No. 2135, Int'l Ass'n of Firefighters v. City of Ocala, 371 So.2d 583, 585 (Fla. 1st DCA 1979).
Browning, in her capacity as a public school teacher and union member, filed a complaint against the Union in the circuit court alleging that the Union breached its duty of fair representation by failing to follow proper procedures in the filing of grievances on her behalf, to assist her in seeking redress against the School Board of Volusia County, and to cooperate with her private attorney.[3] The Union moved to dismiss the complaint for lack of subject matter jurisdiction maintaining that PERC possessed exclusive jurisdiction over the matter because the Union's alleged breaches of the duty of fair representation constituted unfair labor practices as set forth in section 447.501(2)(a) of the Florida Statutes. The trial court agreed and dismissed with prejudice Browning's claim against the Union.
Browning challenges this ruling, contending that her claim against the Union does not fall within the exclusive jurisdiction of PERC because section 447.501(2) does not expressly list a breach of the duty of fair representation as being an "unfair labor practice;" and also, because nowhere in Chapter 447, Part II, Florida Statutes does it state that a breach of the duty of fair representation falls within the confines of the statute. We disagree because, in granting the Union's motion to dismiss, the trial court properly concluded that the Union's actions as alleged in Browning's complaint, constitute labor activities "arguably" embraced within the provisions of section 447.501(2); therefore, jurisdiction over this dispute is pre-empted in favor of PERC. Maxwell, 330 So.2d at 180.
In reaching this conclusion we are first persuaded that the broad language of section 447.501(2)(a) is meant to include violations of the duty of fair representation as alleged in Browning's complaint. The relevant portion of the statute provides as follows:
(2) A public employee organization or anyone acting in its behalf or its officers, representatives, agents, or members are prohibited from: (a) Interfering with, restraining, or coercing public employees in the exercise of any rights guaranteed them under this part ...
Browning's allegations that the Union breached its duty by failing to properly pursue her grievances, or assist her attorney in doing so, falls within this language. The Florida Supreme Court has specifically held that, once a union chooses to represent a grievant, "the manner with which it handles the grievance, including a decision not to process the grievance for lack of merit, is subject to the statutory duty of fair representation." Galbreath v. School Bd. of Broward County, 446 So.2d 1045, 1047 (Fla.1984), appeal dismissed 469 U.S. 801, 105 S.Ct. 55, 83 L.Ed.2d 6 (1984). Additional support for our conclusion is found in this court's previous ruling that a breach of the duty of fair representation violates the unfair labor practice section of the National Labor Relations Act (NLRA), section 8(b)(1)(A),[4] which is the counterpart to section 447.501(2)(a) of *1194 the Florida Statutes (1999). See Int'l Bhd. of Painters and Allied Trades, AFLCIO, Local 1010 v. Anderson, 401 So.2d 824, 831 (Fla. 5th DCA 1981). Cases from other jurisdictions have also interpreted section 8(b)(1)(A) of the NLRA as encompassing a union's refusal to process an employee's grievance as a breach of the duty of fair representation and an unfair labor practice. See Director Jerald, Annotation, Union's Refusal or Failure to Process Employee Grievance as Unfair Labor Practice under Amended NLRA, 5 A.L.R. Fed. 372 § 2 (1970), supplemented through 2000.[5]
We also reject Browning's contention that, even if this court were to determine that PERC possesses jurisdiction over this dispute, Florida's circuit courts possess concurrent jurisdiction with PERC over claims alleging breach of duty of fair representation. To support this contention Browning cites to Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); however, such reliance is misplaced. The Court's decision in Vaca was grounded in the concern that concurrent jurisdiction was necessary to assure that injured private sector employees could receive impartial review of their administrative complaints in light of the fact that under the federal scheme, the National Labor Relations Board's (NLRB) general counsel had "unreviewable discretion to refuse to institute an unfair labor practice complaint." Id. at 182, 87 S.Ct. 903. Florida's Act which pertains to public employees contains no provision analogous to the "unreviewable discretion" of the NLRB's general counsel to decide if a charge can be filed in the first instance. Id.
A case that is more on point is Karahalios v. Nat'l Fed'n of Fed. Employees, Local 1263, 489 U.S. 527, 109 S.Ct. 1282, 103 L.Ed.2d 539 (1989). Karahalios involved a public employee's claim of the breach of the duty of fair representation against a union under the Civil Service Reform Act of 1978 (CSRA) which applies to federal public employees. The Court held that the remedy for a breach of the duty of fair representation, which the CSRA explicitly defined as being an unfair labor practice, was exclusively before the Federal Labor Relations Authority, the public sector counterpart to the NLRB. In distinguishing Vaca, the Court explained that CSRA does not deprive employees of recourse or remedies otherwise provided by statute or regulation. Id. at 534-536, 109 S.Ct. 1282. Similar to the public employees in Karahalios, Browning is adequately covered by the Act which mandates PERC to expeditiously process charges of unfair labor practices.
The Karahalios Court was also persuaded by the fact that the legislature had specifically conferred jurisdiction on the federal district courts in a few specific areas, none of which referenced claims of breach of duty of fair representation. Similarly, Florida's Act confers jurisdiction to the circuit courts in a few specific instances. *1195 For example, section 447.507 of the Act authorizes circuit courts to hear and determine all actions alleging violations of the no-strike provision of the Act and section 447.509 of the Act authorizes circuit courts to issue injunctions and to conduct contempt proceedings over claims involving specified unlawful acts committed by unions or their members. The Union also correctly points out that other courts have rejected claims of concurrent jurisdiction under similar circumstances. See Foley v. AFSCME, Council 31, Local No. 2258, 199 Ill.App.3d 6, 144 Ill.Dec. 903, 556 N.E.2d 581, 585 (1 Dist.1990)(holding that state labor relations board possesses exclusive jurisdiction over duty of fair representation claims as unfair labor practices); see also Coleman v. Children's Services Div. of Dep't of Human Resources, 71 Or.App. 687, 694 P.2d 555 (1985)(same).
AFFIRMED.
COBB and PLEUS, JJ., concur.
NOTES
[1] Jurisdiction is proper pursuant to rule 9.110(k) of the Florida Rules of Appellate Procedure. See Behavioral Healthcare Options, Inc. v. Charter Behavioral Health System of Tampa Bay, Inc., 727 So.2d 1135 (Fla. 2d DCA 1999).
[2] Section 447.501(2) provides:

447.501 Unfair Labor Practices.
* * *
(2) A public employee organization or anyone acting in its behalf or its officers, representatives, agents, or members are prohibited from:
(a) Interfering with, restraining, or coercing public employees in the exercise of any rights guaranteed them under this part or interfering with, restraining, or coercing managerial employees by reason of their performance of job duties or other activities undertaken in the interests of the public employer.
(b) Causing or attempting to cause a public employer to discriminate against an employee because of the employee's membership or nonmembership in an employee organization or attempting to cause the public employer to violate any of the provisions of this part.
(c) Refusing to bargain collectively or failing to bargain collectively in good faith with a public employer.
(d) Discriminating against an employee because he or she has signed or filed an affidavit, petition, or complaint or given any information or testimony in any proceedings provided for in this part.
(e) Participating in a strike against the public employer by instigating or supporting, in any positive manner, a strike. Any violation of this paragraph shall subject the violator to the penalties provided in this part.
(f) Instigating or advocating support, in any positive manner, for an employee organization's activities from high school or grade school students or students in institutions of higher learning.
[3] Browning also asserted a claim against the School Board alleging breach of her employment contract; however, that claim is not at issue in this appeal.
[4] "It shall be an unfair labor practice for a labor organization or its agents(1) to restrain or coerce (A) employees in the exercise of the rights guaranteed in section 157 of this title: ..." National Labor Relations Act § 8(b)(1)(A), as amended 29 U.S.C.A. § 158(b)(1)(A) (1974).
[5] In so ruling we reject Browning's apparent claim that jurisdiction was proper in the circuit court because she alleged a viable claim for the breach of a common law duty of fair representation. Florida courts have not recognized such a common law duty and, in fact, our courts recognize the duty of fair representation as being separate and distinct from any common law duty of representation. See DeGrio v. Am. Fed'n of Gov't Employees, 484 So.2d 1, 3 (Fla.1986)(explaining that a union's duty to its members is a statutory duty that arises from the union's responsibility to represent exclusively its individual members under a labor agreement; public policy reasons have given unions a different standard of conduct in representation of their members unions are excused from simple negligence because, if unions had an ordinary standard of care, union membership would bear the costs of this liability, resulting in increased dues).