930 So.2d 812 (2006)
FLORIDA EDUCATION ASSOCIATION, Petitioner,
v.
Henry T. WOJCICKI and Leslie Holland, Respondents.
No. 3D05-2939.
District Court of Appeal of Florida, Third District.
May 31, 2006.
*813 Meyer and Brooks and Jennifer S. Blohm, Tallahassee, for petitioner.
Stewart Lee Karlin, Ft. Lauderdale, for respondent.
Before WELLS, CORTIÑAS, and ROTHENBERG, JJ.
WELLS, Judge.
The Florida Education Association (FEA), a statewide teachers' union, seeks to prohibit the circuit court from proceeding to entertain the instant legal malpractice action. We agree that the circuit court lacks subject matter jurisdiction and grant the petition. See Dep't of Health and Rehab. Servs. ex rel. Peterson v. Ward, 600 So.2d 500, 500 (Fla. 4th DCA 1992) (granting prohibition to preclude a trial court from acting in excess of subject matter jurisdiction).
This petition stems from a legal malpractice action against an attorney and the union that retained the attorney to represent Henry T. Wojcicki, a union member, in an administrative proceeding relating to Wojcicki's dismissal from employment by the Miami Dade County School Board.[1] According to Wojcicki, he lost an appeal to this court from an administrative order recommending his termination because the attorney retained by the FEA to represent him in the administrative proceedings failed to file exceptions. See Wojcicki v. Sch. Bd. of Miami-Dade County, 841 So.2d 656 (Fla. 3d DCA 2003) (citing Kantor v. Sch. Bd. of Monroe County, 648 So.2d 1266, 1267 (Fla. 3d DCA 1995), which observed that a terminated school employee could not argue on appeal matters which were not properly excepted to or challenged before school board). Both the attorney and the FEA sought dismissal of Wojcicki's complaint.
The attorney successfully argued the general rule that union agents may not be held individually liable when they act on behalf of a union in a collective bargaining activity and was dismissed from the case. See Stafford v. Meek, 762 So.2d 925, 926 (Fla. 3d DCA 2000) (holding that "a union attorney representing a member in a collective bargaining activity enjoys immunity from a legal malpractice action filed by an individual grievant"). However, the circuit court rejected the FEA's argument that what is involved in this case is a breach of the duty of fair representation, arguably covered by the Public Employees Relations Act and thus within the exclusive jurisdiction of the Public Employees Relations Commission (PERC). Because we agree with the FEA's position, we grant the petition.
Part II of Chapter 447 of the Florida Statutes provides an exclusive method for resolving labor disputes between public employers and public employees. See Maxwell v. Sch. Bd. of Broward County, 330 So.2d 177, 179 (Fla. 4th DCA 1976). Under this part, jurisdiction over labor activities is preempted in favor of PERC if the activities involved are arguably covered by Part II of Chapter 447. Id. As Browning v. Brody, 796 So.2d 1191, 1192-93 (Fla. 5th DCA 2001), observes:
Labor union activities involving public employees are comprehensively regulated by Chapter 447, Part II of the Florida Statutes; commonly known as the Public Employees Relations Act (the Act). Under the Act, the Legislature created PERC, and empowered that administrative agency "to settle disputes regarding alleged unfair labor practices." *814 § 447.503, Fla. Stat. (1999). The activities prohibited as being "unfair labor practices" are defined in section 447.501 of the Florida Statutes (1999), with subsection (1) applying to employer activities and subsection (2) applying to union activities. Case law interpreting the jurisdictional scope of the Act has broadly included, as falling within PERC's exclusive jurisdiction, those activities which "arguably" constitute unfair labor practices as defined by section 447.501 "or the type of labor matter or dispute within the contemplation of Part II, Chapter 447." Maxwell v. School Bd. of Broward County, 330 So.2d 177, 180 (Fla. 4th DCA 1976); accord Local Union No. 2135, Int'l Ass'n of Firefighters v. City of Ocala, 371 So.2d 583, 585 (Fla. 1st DCA 1979).
Wojcicki's claim against the FEA stemming from the alleged negligence of the attorney it hired to represent him in administrative termination proceedings is a claim that the union breached its duty to fairly represent him in a collective bargaining activity. See DeGrio v. American Fed'n of Gov't Employees, 484 So.2d 1, 2 (Fla.1986) ("The `duty of fair representation' is a distinctive labor law term, arising from [a] union's responsibility to represent exclusively its individual members under a labor agreement"); Stafford, 762 So.2d at 926 (confirming that a UTD attorney hired to represent a teacher in an administrative dismissal proceeding was providing services as part of that union's duty of fair representation in a collective bargaining activity).
This is an unfair labor practice "arguably" embraced by section 447.501(2)[2] of the Florida Statutes falling within PERC's exclusive jurisdiction. See Browning, 796 So.2d at 1193 (footnote omitted) (concluding that union's failure to file grievances on behalf of a school teacher, to assist in seeking redress on her behalf against a school board, and to cooperate with her private attorney is a breach of the duty of fair representation and an unfair labor practice, and holding that such actions "constitute labor activities `arguably' embraced within the provisions of section 447.501(2)" thereby pre-empting jurisdiction in PERC).
Accordingly, we grant the petition for writ of prohibition and quash the order denying the motion to dismiss, but withhold issuance of our writ confident in our knowledge that the trial court will follow the mandate of this court.
NOTES
[1] Wojcicki is a member of the United Teachers of Dade (UTD), a local FEA affiliate.
[2] Section 447.501(2), provides, in relevant part:

(2) A public employee organization or anyone acting in its behalf or its officers, representatives, agents, or members are prohibited from:
(a) Interfering with, restraining, or coercing public employees in the exercise of any rights guaranteed them under this part or interfering with, restraining, or coercing managerial employees by reason of their performance of job duties or other activities undertaken in the interests of the public employer.