PER CURIAM.
Affirmed. See Florida Educ. Ass’n v. Wojcicki, 930 So.2d 812, 813 (Fla. 3d DCA 2006) (recognizing that “Part II of Chapter 447 of the Florida Statutes provides an exclusive method for resolving labor disputes between public employers and public employees .... Under this part, jurisdiction over labor activities is preempted in favor of PERC if the activities involved are arguably covered by Part II of Chapter 447.”); Browning v. Brody, 796 So.2d 1191, 1192-93 (Fla. 5th DCA 2001) (holding that case law “interpreting the jurisdictional scope of the [Public Employees Relations] Act has broadly included, as falling within PERC’s exclusive jurisdiction, those activities which ‘arguably’ constitute unfair labor practices as defined by section 447.501 ‘or the type of labor matter or dispute within the contemplation of Part II, Chapter 447’ ”) (quoting Maxwell v. School Bd. of Broward Cty., 330 So.2d 177, 180 (Fla. 4th DCA 1976)). See also Miami Ass’n of Firefighters Local 587 v. City of Miami, 87 So.3d 93 (Fla. 3d DCA 2012) (holding that even where a complaint containing allegations of unfair labor practices presents issues of constitutional dimension, PERC has exclusive jurisdiction and the complaint is subject to dismissal).