BARKDULL, Judge.
The appellants in this case, as designated bargaining units for public employees, entered into collective bargaining agreements with the City of Miami providing, among other things, for insurance coverage and the payments of premiums therefor with *1123 the amount of the premiums to be subject to adjustment.[1]
Pursuant to this authority the city unilaterally increased insurance premiums for certain coverage. The appellants, as the agents of the employees, protested this action and filed a claim of unfair labor practice with the Public Employees Relation Commission (PERC). The Commission deferred the matter to an arbitrator who ultimately entered an order approving the city’s action. The Commission approved that order and this appeal ensued.
The appellants contend, first, that the Commission did not have the authority to delegate an unfair labor practice to an arbitrator; second, that if it had the authority, it must be exercised by rule and not by individual pronouncement; third, that the evidence before the arbitrator did not support a finding that the appellants knowingly gave up their right to bargain over insurance increases; and fourth, that PERC erred in failing to permit a supplement to the record.
The appellees respond that the appellants’ complaint is not an unfair labor practice complaint, but is in effect a grievance under the contract; that in accordance with Section 447.401, Florida Statutes (1985), the contract was required to have a binding arbitration procedure, which it did, and the parties were required to proceed thereunder. Transport Workers Union Local 291 v. Metropolitan Dade County-Metro Dade Transportation Administration, 11 FPER ¶ 16105 (1985); Local 754 of the International Association of Fire Fighters v. City of Tampa, 10 FPER ¶ 15129 (1984); Reedy Creek Fire Fighters Association, Local 2117 v. Reedy Creek Improvement District, 8 FPER ¶ 13192 (1982); Orange County Police Benevolent Association, Inc. v. City of Orlando, 6 FPER ¶ 11093 (1980).
The appellants reply that PERC, in previous matters, see Leon County Police Benevolent Association, Inc., v. City of Tallahassee, 8 FPER ¶ 13400 (1982); and Pinellas County Police Benevolent Association, Inc. v. City of Dunedin, 8 FPER ¶ 13102 (1982), has held that such a unilateral increase in insurance premiums is, in fact, an unfair labor practice.
Prior PERC decisions have held that an employee insurance program is a term and condition of employment within the meaning of Section 447.309(1), Florida Statutes (1981) and is a subject of bargaining. Therefore, any unilateral change thereof absent a clear and unmistakable *1124 waiver by the certified bargaining representative, or exigent circumstances requiring immediate action, constitutes a per se violation of Sections 447.501(l)(a) and (c) Florida Statutes (1981) and is an unfair labor practice. See Leon County Police Benevolent Association, Inc. v. City of Tallahassee, supra; Pinellas County Police Benevolent Association, Inc. v. City of Dunedin, supra. We find that the case sub judice meets those criteria and that PERC had jurisdiction of the cause. Upon making such a finding, we must turn to the question of whether or not the Commission had the authority to defer the question in the instant case to arbitration. PERC, as with any other administrative agency, derives its authority or responsibility from its enabling statutes and it does not have the right to delegate that authority beyond that which is specifically authorized by said enabling statutes. See Florida Bridge Co. v. Bevis, 363 So.2d 799 (Fla.1978); City of Cape Coral v. GAC Utilities, Inc. of Florida, 281 So.2d 493 (Fla.1973); Edgerton v. International Company, Inc., 89 So.2d 488 (Fla.1956); Gulfstream Park Racing Association, Inc. v. State, Department of Business Regulation, Division of PariMutuel Wagering, 443 So.2d 113 (Fla. 3d DCA 1983). Any reasonable doubt about the lawful existence of a particular power that is being exercised by an administrative agency is to be resolved against its exercise. A review of the enabling statutes [Ch. 447 Part II Florida Statutes (1981)] fails to reveal any authority, either express or implied, granting unto the Commission the power to defer a cause to arbitration. There being no statutory grant of power to delegate to arbitration, the Commission cannot, on a case by case basis, bring into existence such a power, notwithstanding its alleged adoption of and reliance on the pronouncements of the National Labor Relations Board. See Peck Plaza Condominium v. Division of Florida Land Sales and Condominiums, Department of Business Regulations, 371 So.2d 152 (Fla. 1st DCA 1979).
Therefore, we reverse the order under review with directions to the Commission to consider the matter in a de novo hearing, wherefore the fourth ground urged for reversal becomes moot.
Reversed and remanded with directions.

. FOP Contract.
ARTICLE XXV GROUP INSURANCE
The City agrees to pay 100% of the current life insurance coverage provided for employees. Effective November 1, 1981, the City further agrees to pay $18.00 per pay period toward the dependent health coverage where the employee elects to take the dependent coverage, and any increase or decrease in the dependent health care premium will be shared on a percentage basis of what the employer currently pays and what the employee currently pays.
Effective November 1, 1982, the City will pay $21.00 per pay period toward the dependent health coverage where the employee elects to take the dependent coverage, and any increase or decrease in the dependent health care premium will be shared on a percentage basis of what the employer currently pays and what the employee currently pays.
Group Health Insurance coverage for the employee will continue at the current benefit level. The current premium and any increase or decrease in the premium will be shared on the current basis of eighty (80%) percent paid by the City and twenty (20%) percent paid by the employee.
AFSCME Contract.
ARTICLE XXVI GROUP INSURANCE
Section 1. The City agrees to pay 100% of the current life insurance coverage provided for employees. The City further agrees to pay $13.29 per pay period toward the dependent health coverage where the employee elects to take the dependent coverage, and any increase or decrease in the dependent coverage, and any increase or decrease in the dependent health care premium will be shared on a percentage basis of what the employer currently pays and what the employee currently pays.
Section 2. Group Health Insurance coverage for the employee will continue at the current benefit level. The current premium and any increase or decrease in the premium will be shared on the current basis of eighty (80%) percent paid by the City and twenty (20%) percent paid by the employee.