511 So.2d 549 (1987)
CITY OF MIAMI, Florida, and Florida Public Employees Relations Commission, Petitioners,
v.
FRATERNAL ORDER OF POLICE, MIAMI LODGE 20, and American Federation of State, County and Municipal Employees, Local 1907, AFL-CIO, Respondents.
No. 69469.
Supreme Court of Florida.
July 16, 1987.
*550 Peter J. Hurtgen and Claudia B. Dubocq, of Morgan, Lewis & Bockius, Miami, for the City of Miami, Fla.
Charles F. McClamma, Staff Counsel, Tallahassee, for Florida Public Employees Relations Com'n.
Robert D. Klausner, of Pelzner, Schwedock, Finkelstein & Klausner, P.A., Hollywood, for respondents.
EHRLICH, Justice.
We have for our review Fraternal Order of Police, Miami Lodge 20 v. City of Miami, 492 So.2d 1122 (Fla. 3d DCA 1986), wherein the district court certified the following question of great public importance:[1]
WHETHER THE PUBLIC EMPLOYEES RELATIONS COMMISSION HAS AUTHORITY UNDER CHAPTER 447, PART II TO DEFER UNFAIR LABOR PRACTICE CHARGES TO ARBITRATION, AND GIVE FINAL AND BINDING EFFECT TO THE ARBITRATOR'S CONTRACT INTERPRETATION.
We have jurisdiction, article V, section 3(b)(4), Florida Constitution, answer the question in the affirmative, and quash the decision of the district court below.
*551 As phrased by the district court in the certified question, the issue presented in this case centers on the authority of the Public Employees Relations Commission (hereinafter referred to as PERC or the Commission), to delegate an unfair labor practice charge to an arbitrator. When such a charge is, in fact, based on an unfair labor practice as set forth in section 447.501, Florida Statutes (1985), PERC has no authority to delegate its responsibility. Section 447.503 clearly sets forth PERC's duty in this context: "It is the intent of the Legislature that the commission act as expeditiously as possible to settle disputes regarding alleged unfair labor practices." (emphasis added). However, the question as certified also refers to "an arbitrator's contract interpretation," which involves an issue separate and distinct from an unfair labor practice as specified in section 447.501. Under the mandates of section 447.401, each collective bargaining agreement entered into between a public employer and its employees must contain a grievance procedure to be used for settling disputes "involving the interpretation or application of a collective bargaining agreement. Such grievance procedure shall have as its terminal step a final and binding disposition by an impartial neutral, mutually selected by the parties." (emphasis added).
The district court below, however, held that its review of Chapter 447, Part II "fails to reveal any authority, either express or implied, granting unto the Commission the power to defer a cause to arbitration." 492 So.2d at 1124. It is unclear what the district court perceived the Commission's duty to be, pursuant to section 447.401, when confronted with an issue characterized by the complaining party as an "unfair labor practice" but which, in fact, appears to PERC to be an issue specifically addressed in the parties' collective bargaining agreement. At issue here is by what means PERC is to give effect to all of its statutory duties and further its primary purpose to "assist in resolving disputes between public employees and public employers," section 447.201(3). It is our view that PERC has the authority to defer to arbitration in appropriate cases in order to give effect to the provisions of section 447.401, mandating a grievance procedure culminating in final and binding arbitration for interpreting or applying a collective bargaining agreement.
The factual basis for the claims at issue between the respondents, The Fraternal Order of Police and The American Federation of State, County and Municipal Employees, (unions) and petitioners (the City and PERC) must be understood in order to place the issue of "deferral" in its appropriate context.[2] The collective bargaining agreement in effect between the city and the unions contained a provision relating to any increase or decrease in certain insurance premiums; this provision set forth what percentage of any change in the premiums would be borne by the employer and the employees respectively. During the term of the agreement, the city unilaterally increased the premiums. A unilateral change in a term or condition of employment constitutes an unfair labor practice; an employee insurance program is such a term or condition of employment. See, e.g., Leon County Police Benevolent Association, Inc. v. City of Tallahassee, 8 F.P.E.R. ¶ 13003 (1982); Pinellas County Police Benevolent Association, Inc. v. City of Dunedin, 8 F.P.E.R. ¶ 13102 (1982). However, a collective bargaining agreement which clearly and unmistakably shows that the employees' certified bargaining agreement has waived its right to bargain over this issue does not constitute an unfair labor practice. In labor law nomenclature "[w]aiver may occur when the parties by express contractual provision confer on the employer the power of unilateral decision." International Brotherhood of Police Officers v. City of Hollywood, 7 F.P.E.R. ¶ 12293 (1981). After the city announced the premium increase at issue here, the unions filed an unfair labor practice charge with PERC, alleging violations of section 447.501(1)(a) and (c). Following *552 PERC's determination that the unions' charges established a prima facie statutory violation[3] the City moved to have PERC defer consideration of the unfair labor practice charges pending resolution of the disputes by an arbitrator pursuant to the parties' contract. Finding that its pre-arbitration standards for deferral were met, PERC granted the City's motion but retained jurisdiction to reinstate the unfair labor practice proceedings unless the following conditions were met: (1) the dispute was settled or promptly resolved through arbitration; (2) the grievance-arbitration proceedings were conducted fairly and regularly; and (3) the result reached by the arbitrator was not repugnant to Chapter 447, Part II.
After unsuccessfully seeking review in the First District Court of Appeal[4] the unions proceeded to arbitration. The arbitrator granted FOP's grievance in part and denied it in part; AFSCME's grievance was denied in its entirety. The unions then sought to have PERC reinstitute the unfair labor practice proceedings. In an attempt to set aside the arbitrator's award, the unions alleged that PERC had no authority to defer. PERC rejected the unions' contentions stating,
It is a matter of long-standing policy that the Commission will defer to an arbitration award if the award effectively disposes of the unfair labor practice issue... . Deferral to an arbitration award is a corollary to the Commission's policy of deferring temporarily the exercise of our jurisdiction over an unfair labor practice charge to allow an arbitrator to act first if the collective bargaining agreement `clearly encompasses' the dispute at issue in an unfair labor practice charge.
(citations omitted) 11 F.P.E.R. ¶ 16128 at 385.
PERC's position is that in addition to the explicit arbitration requirements of section 447.401, its policy of deferring to arbitration is supported by other provisions of Chapter 447, Part II: section 447.301(2) and (4) provide for the right to representation in grievance proceedings; section 447.501(1)(f) makes it an unfair labor practice for an employer to refuse to discuss grievances. Based on these various statutory pronouncements PERC views that an underpinning for the arbitration requirements is the
fundamental policy of allowing and encouraging parties to provide their own solution to disputes which may be resolved informally by interpretation or application of the collective bargaining agreement without resort to state intervention.
11 F.P.E.R. ¶ 16128 at 385.
The Commission in interpreting its statutory duties must strive to give effect to all the various provisions of Chapter 447, Part II. We hold that the Commission's policy of deferral represents a reasonable method for PERC to give effect to all of its statutory duties, particularly the mandatory requirements of section 447.401.[5]
*553 Under the district court's view PERC has no power to defer once a charging party characterizes its claim as an "unfair labor practice," and PERC determines that a prima facie statutory violation has been established. The district court reasoned that PERC therefore has jurisdiction over these claims, and implied that deferral is somehow an abdication of PERC's responsibility. As noted, PERC's deferral policy does not "oust" the Commission of jurisdiction; PERC retains jurisdiction over the claim to ensure that the arbitrator's award actually resolved the issue, that the proceedings were fairly conducted, and the result reached was not repugnant to the act. It should also be noted that no party has a right to deferral; whether deferral is granted or not is a question of policy which the Commission decides. See Palm Beach County Association of Firefighters, Local 1612 v. Palm Beach County, 9 F.P.E.R. ¶ 14128 (1983). The Commission has pointed out that deferral is granted rarely,[6] and that in many cases where deferral is requested by one of the parties it is denied by PERC because of the possibility that the claims, although arguably covered by the parties' contract, also implicate various statutory and policy concerns. See, e.g., Manatee Education Association v. Manatee County School Board, 8 F.P.E.R. ¶ 13202 (1982); Hollywood Firefighters v. City of Hollywood, 8 F.P.E.R. ¶ 13186 (1982); City of Hollywood, 7 F.P.E.R. ¶ 12045 (1980). If the arbitrator's award does not resolve the issues raised in the unfair labor practice charge, PERC does not defer. See, e.g., Federation of Public Employees v. Broward County Sheriff's Department, 8 F.P.E.R. ¶ 13116 (1982). In short, our view of PERC's deferral policy is that deferral is granted only in those cases where the contract terms clearly resolve the unfair labor practice charge.
We reject the Unions' contentions that PERC has not developed consistent standards for deferral. As the Commission set forth in its order in this case, 11 F.P.E.R. ¶ 16128 at 385, its policy of deferral has been developed and refined since 1975,[7] and, subsequent to the case before us, PERC has promulgated a rule setting forth both pre- and post-arbitral standards.[8] We reject the Unions' contention that PERC's deferral policy was unauthorized unless promulgated by formal rule making pursuant to section 120.53, Florida Statutes (1983). We agree with the Commission *554 that section 447.207(6) exempts PERC from the requirement that statements of general applicability "that implements, interprets, or prescribes law or policy" must be promulgated as a rule.
Finally, we reject the Unions' contention that deferral was inappropriate in this case. We find that this case presents an excellent example of why deferral is a necessary and useful corrollary to the Commission's duty to give effect to all parts of Chapter 447, Part II. The Unions' claims in this case that the city's unilateral increase in insurance premiums was an unfair labor practice is merely a characterization of the issue by one of the parties. PERC's initial decision to order the parties to arbitrate, pursuant to section 447.401, and its decision to give final and binding effect to the arbitrator's award, was consistent with its reasonable standards guiding deferral. As PERC found in the order under review:
The pertinent contractual provisions clearly encompass the statutory unfair labor practice issues raised in these charges, and these issues were directly presented to and considered by the arbitrator. We therefore conclude that the unfair labor practice issues were resolved by arbitration of the contractual issues.
11 F.P.E.R. ¶ 16128 at 386.
Further, we are of the view that sufficient safeguards exist to protect public employees from the possibility that deferral will not adequately address true unfair labor practice issues. In addition to the opportunities for the parties to present arguments to the Commission against deferral at both pre- and post-arbitration stages, an aggrieved party still may have the Commission's final decision reviewed in the district court pursuant to section 120.68.
In conclusion, we hold that the Commission has the authority for deferral in order to give effect to the various provisions of Chapter 447, Part II, in particular the mandatory requirement of final and binding arbitration concerning interpretations of a collective bargaining agreement set forth in section 447.401. We also hold that the Commission has developed reasonable and adequate standards with respect to when to defer and that it has consistently applied these standards; the fact that the Commission has promulgated a deferral rule subsequent to the proceedings sub judice does not alter our holding, particularly in view of the legislative pronouncement in section 447.207(6). We also hold that PERC's decision to defer in this case was appropriate and its final order is supported by competent substantial evidence.
Accordingly, the decision of the district court below is quashed and this case is remanded for proceedings consistent with this opinion.
It is so ordered.
McDONALD, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] The district court certified the question now before us in an unpublished corrected order.
[2] Deferral includes not only the initial decision to allow arbitration, but also includes giving final and binding effect to the arbitrator's award.
[3] The Commission's final decision is reported at 11 F.P.E.R. ¶ 16128.
[4] AFSCME Local 1907 v. City of Miami and FOP, Miami Lodge 20 v. City of Miami, nos. AP-259, AP-81 (Fla. 1st DCA Mar. 11, 1983).
[5] The Commission points out that the National Labor Relations Board, although without explicit statutory authorization, has a deferral policy upon which PERC's policy is modeled. See Collyer Insulated Wire, 192 N.L.R.B. 837 (1971) (seminal pre-arbitration case); Spielberg Manufacturing Co., 112 N.L.R.B. 1080 (1955) (seminal post-arbitration case). PERC argues that the similarities between the NLRA and PERA is persuasive authority for finding that PERC has the necessarily implied authority to defer. PERC also directs our attention to numerous decisions from other states' public sector labor boards which also have a deferral policy. The unions, of course, point to the differences in the two acts as supporting its position that PERC has no such authority. While Florida courts look to federal decisions for guidance in this area, see, e.g., School Board of Polk County v. PERC, 399 So.2d 520 (Fla. 2d DCA 1981), our holding here that PERC does have authority to defer is based solely upon our view of the various provisions of Chapter 447, Part II, and in particular the requirements of section 447.401. See Palm Beach Jr. College Board of Trustees v. United Faculty of Palm Beach Jr. College, 475 So.2d 1221, 1225 (Fla. 1985) ("Arbitration is guaranteed to public employees by § 447.401; there is no such provision in private sector labor law). PERC also views the arbitration policy enumerated throughout Chapter 447, Part II, as a "legislatively adopted counterbalancing factor to the constitutional prohibition against public employees' strikes." 11 F.P.E.R. ¶ 16128 at 385.
[6] PERC has informed us that in 1985, seventy-one unfair labor practice charges were found sufficient by its general counsel; deferral was an issue in seven cases and was granted in only four cases.
[7] See Vause, PERC Deferral to Arbitration, 1982 Fla. Bar J. 818, for an extensive discussion of the development of PERC's deferral policy.
[8] Rule 38D-21.011, FAC provides:

(1) any party may file a motion to defer a pending unfair labor practice case to binding arbitration. A motion to defer must be filed during the time allowed to file an answer to the charge. The motion shall address each of the following requirements for deferral:
(a) Will the interests of the affected employees be adequately protected in arbitration?
(b) Does the parties' relationship reflect labor stability?
(c) Is the respondent willing to proceed unconditionally to arbitration?
(d) Does the unfair labor practice charge center primarily upon a dispute over the interpretation or application of a collective bargaining agreement?
(2) Any response to a motion to defer must be filed within 7 days from the date the motion is filed. If no response is filed the Commission will presume that there is no objection to deferral.
(3) If the Commission grants deferral to arbitration, it will retain jurisdiction of the unfair labor practice case for 30 days after issuance of the arbitrator's final award. Until this date, any party may file a motion to reactivate the unfair labor practice case. The movant must provide a copy of the arbitrator's final award, if issued.
(4) Following the issuance of the arbitrator's final award, the Commission will not reactivate the unfair labor practice case unless the movant established reasonable cause to believe that:
(a) The arbitration proceedings were not conducted fairly and regularly, or
(b) The dispute was not resolved by the arbitration award, or
(c) The result reached by the arbitrator was repugnant to Chapter 447, Part II, FS. Specific Authority 447.207, FS. Law Implemented 447.201, 447.107, 447.401, 447.501, 447.503, FS. History-New.