GRIFFIN, Judge.
Petitioner, Citrus County, seeks review of a non-final order[1] of the Public Employees’ Relations Commission [“PERC”] that stayed the completion of impasse proceedings[2] pending resolution of an unfair labor practice charge filed by the respondent, Citrus County Professional Paramedic/EMT[3] Association, Local 3521 [“Local 3521”], alleging that Citrus County had declared the impasse prematurely in violation of its duty to bargain in good faith. It is apparently PERC’s practice,[4] upon receipt of such an unfair labor practice charge it deems facially sufficient, to enter an order staying the impasse proceedings. PERC reasons that there is no point in proceeding with the impasse resolution if additional bargaining is ordered as a remedy for failing to bargain in good faith by prematurely declaring impasse. We do not question PERC’s logic, but its power to act in the absence of any statutory or rule procedure is unclear. Although we question whether PERC has the unfettered power to order stays of impasse proceedings based solely on the filing of unfair labor practice charge directed to the bargaining that preceded it, we deny the Petition.
We have agreed to hear this matter on an emergency basis because Citrus County is in the process of attempting to finalize an agreement to “privatize” its EMT services. Citrus County claims that the stay has prevented Citrus County from doing so for a series of legal and practical reasons. In light of the filing of the instant petition, PERC issued an order “clarifying” that its stay does not preclude Citrus County from privatizing, that Citrus County’s unilateral decision to privatize is not an issue included in the impasse proceedings being stayed and that because Local 3521 had not sought to negotiate the decision to privatize, privatization can proceed. Citrus County, nevertheless, expresses the fear that in proceeding it will run the risk of an additional unfair labor practice charge. At the same time, however, Citrus County implicitly concedes that if Local 3521 were to succeed in its unfair labor practice claim that Citrus County prematurely declared an impasse in violation of its obligation to bargain in good faith, PERC would have remedial powers that would effectively undo any decision made in the course of the impasse proceeding. See § 447.503(6)(a) (1993).
Citrus County’s argument that PERC is without power to issue the stay of the impasse proceeding is based principally on section 447.503(3), which provides that whenever a party charging an unfair labor practice alleges it will suffer substantial and irreparable injury if it is not granted temporary relief, PERC “may petition the circuit court for appropriate injunctive relief pending the final adjudication by the Commission....” The question then becomes whether PERC was obliged to follow that statutory procedure upon receipt of the Local 3521’s unfair labor practice charge and motion for stay or whether it was empowered, on its own, to suspend the completion of the impasse procedure. Local 3521 contends, relying principally on the Supreme Court of Florida’s decision in City of Miami v. FOP Miami Lodge 20, 511 So.2d 549 (Fla.1987), that PERC may order stays or deferrals of statutory proceedings in furtherance of its mandate to give *46 effect to the various provisions of Chapter 447 that it is charged with administering. The supreme court also seemed to suggest in FOP Miami Lodge that, pursuant to section 447.207(6), PERC has the power to create a “statement of general applicability that implements, interprets or prescribes law or policy in the course of adjudicating a case.” 511 So.2d at 554. Apparently, this meant to the supreme court that PERC may rely for its authority on its previous orders and need not promulgate a rule.
Apart from this seemingly pervasive authority with which PERC is infused, we are unable to agree PERC is obliged to follow section 447.503(3) and apply to the circuit court for injunctive relief in order to stay or defer an impasse proceeding. Although the impasse resolution procedure is described by statute, it is plainly placed within PERC’s jurisdiction. PERC is given the authority by statute to prescribe the rules by which the hearings before the special master are to be conducted. § 447.403(3). Oddly, the only rule promulgated by PERC that deals with stays or deferrals gives the special master the authority to defer conducting a hearing. Fla.Admin.Code R. 38D-19.007. That rule has no application here, however, since the special master hearing was completed before the unfair labor practice charge was made. In fact, it was not filed until three days before the special master issued her recommended decision on July 8.[5] The absence of any rule prescribing the timing, substance and criteria for issuance of stays of impasse proceedings, or obtaining relief from such a stay, based on the filing of an unfair labor practice charge seems inconsistent with the manner in which an administrative agency should carry out its work, but that issue is not before us. Citrus County simply claims that PERC can do no more than go to circuit court and ask the circuit court for an order staying the completion of the impasse proceeding. PERC, however, clearly has jurisdiction over these- parties and the impasse proceeding and need not apply to circuit court for an order requiring the parties to defer completion of the procedure. In carrying out its duty to adjudicate and remedy unfair labor practice charges,[6] PERC has the inherent power to order the parties to maintain the status quo if necessary to preserve the subject matter of its jurisdiction.
Although Citrus County has presented us with a cogent and persuasive petition, we conclude that its premise is flawed; also, invalidating PERC’s stay would not alleviate the prejudice Citrus County claims it is suffering by virtue of the pendency of the unfair labor practice charge and the associated stay. If PERC can issue stays of impasse proceedings without a rule, and FOP Miami Lodge seems to suggest they can, due process would also demand that it also consider motions to lift a stay for good cause. In light of PERC’s clarifying order, that is the appropriate remedy for Citrus County to pursue.
PETITION DENIED.
DAUKSCH and PETERSON, JJ., concur.

. Fla.R.App.P. 9.130(a)(1).

. § 447.403, Fla.Stat. (1993).

.Emergency Medical Transport.

. The only authority for the stay cited by PERC was earlier orders of PERC issuing similar stays.

. Indeed, it appears that what prompted the unfair labor practice charge filing on July 5 was the expectation of a ruling from the special master unsatisfactory to the union. Of particular concern to us is the chronology: Citrus County declared an impasse on May 18. Following the procedure set forth in the statute and PERC rules, a special master was then selected. The special master hearing took place on June 22. The claim that Citrus County declared an impasse improperly was not filed until July 5. For reasons that must have to dó with its special expertise in labor relations, this delay appears not to have been significant to PERC.

. § 447.503, Fla.Stat. (1993).