PER CURIAM.
The state seeks review of a final order confirming an arbitrator’s decision, over the state’s objections, in a labor dispute. The state raises three issues, only one of which we find necessary to address. Because we conclude that the proper forum for resolution of the dispute was the Public Employees Relations Commission (PERC) rather than an arbitrator, we reverse and remand with directions that the trial court set aside its final order confirming the arbitrator’s decision and enter an amended *947 final order granting the state’s application to vacate that decision.
The collective bargaining agreement between the parties provides for resolution by arbitration of “grievances.” The term “grievance” is defined in that agreement as “a dispute involving the interpretation or application of the specific provisions of th[e] agreement.” From the outset, the state has argued, we believe correctly, that the dispute does not involve the interpretation or application of any specific provision of the collective bargaining agreement. We agree with the state that, if anything, the dispute involves whether a unilateral change in a term or condition of employment has occurred. As such, the dispute falls within the exclusive jurisdiction of PERC pursuant to the provisions of chapter 447, Florida Statutes. See Commc’ns Workers of Am. v. Indian River County Sch. Bd., 888 So.2d 96, 101 (Fla. 4th DCA 2004) (holding that, because the union’s complaint was arguably covered by chapter 447, absent deferral by PERC, it was subject to PERC’s exclusive jurisdiction). While PERC may have the power to defer to arbitration, only it may make that determination. Id. See also City of Miami v. Fraternal Order of Police, Miami Lodge 20, 511 So.2d 549 (Fla.1987). A party may not bypass PERC’s jurisdiction and proceed directly to arbitration. Commc’ns Workers of Am., 888 So.2d at 101. Because this is precisely what appellee did here, we are constrained to reverse and remand with directions that the trial court set aside its final order confirming the arbitrator’s decision and enter an amended final order granting the state’s application to vacate that decision. Our resolution of this issue renders it unnecessary for us to address the state’s remaining two issues relating to alleged improprieties on the part of the arbitrator.
REVERSED and REMANDED, with directions.
BARFIELD, WEBSTER and BENTON, JJ., concur.