# Third District Court of Appeal

## State of Florida

Opinion filed December 07, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-957
Lower Tribunal No. 15-4806
_____


**Leo Amato and Donald Lewis Bouchard,**
Appellants,

vs.

**City of Miami Beach, et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Jerald Bagley, Judge.

Cannizzo & Chamberlin, P.A., and Lydia B. Cannizzo (Cooper City), for appellants.

Raul Aguila, Miami Beach City Attorney, and Donald M. Papy, Chief Deputy City Attorney; Bryant Miller Olive P.A., and Denise M. Heekin and Elizabeth W. Neiberger, for appellees City of Miami Beach, Jorge Gonzalez, and Ramiro Inguanzo; Michael Pancier (Pembroke Pines), for appellees IAFF Officials; Cole Scott & Kissane, P.A., and Scott A. Cole and Daniel M. Schwarz, for appellee Dr. David Santisteban.


Before ROTHENBERG, LAGOA, and SCALES, JJ.

ROTHENBERG, J.

Leo Amato and Donald Lewis Bouchard ("the appellants") appeal the trial court's final order granting the appellees' motion to dismiss with prejudice the appellants' amended complaint based on its findings that: (1) as to some of the appellees, the trial court lacked subject matter jurisdiction; and (2) as to all of the appellees, the appellants' claims were barred by the statute of limitations.[1] For the reasons that follow, we affirm.

The appellants, retired City of Miami Beach firefighters, filed a lawsuit on March 2, 2015, and an amended complaint on April 27, 2015, against fourteen defendants, including the City of Miami Beach ("the City"), the City's former Manager, the City's Director of Human Resources (collectively, "the City Defendants"), an outside consultant, and ten members of the City of Miami Beach International Association of Firefighters, Local 1510 ("the Union Officials").

The appellants allege that in the summer of 2009, the City and the Union Officials engaged in secret talks during their collective bargaining negotiations to target and dupe the appellants into believing that the three-year Deferred Retirement Option Plan ("DROP") would be eliminated in the 2012 collective bargaining agreement ("CBA") in order to entice the appellants to retire early,

---

[1] The trial court also dismissed the amended complaint on other grounds, which we decline to specifically address because we concur with the trial court's finding as to the other two grounds.

which would create promotion opportunities within the City's firefighter department. What the appellants allegedly were not told was that the new CBA would offer a five-year DROP option to replace the three-year DROP option. The appellants allege that they elected the three-year DROP option on August 31, 2009; they learned about the five-year DROP option on or about April 29, 2010; and the five-year DROP option was ratified by a majority of the union members on or about July 14, 2010. Bouchard retired on August 31, 2012 from his position as Fire Lieutenant, and Amato retired on March 31, 2013, from his position as Fire Chief.

I. <u>The trial court correctly determined that it lacked subject matter jurisdiction</u>

Chapter 447, Part II, Florida Statutes (2009), which is commonly referred to as the Public Employees Relations Act ("PERA"), governs labor relations and collective bargaining activities between public employees, public employers, and employee organizations (unions) representing employees in Florida. Under PERA, the Florida Legislature created the Florida Public Employees Relations Commission ("PERC"), and empowered PERC "to settle disputes regarding alleged unfair labor practices." § 447.503, Fla. Stat. (2009); <u>see also</u> <u>Browning v. Brody</u>, 796 So. 2d 1191, 1191-93 (Fla. 5th DCA 2011). PERC was granted exclusive jurisdiction to resolve disputes between public employers and public employees. <u>Fla. Educ. Ass'n v. Wojcicki</u>, 930 So. 2d 812, 813-14 (Fla. 3d DCA

3

2006). "Case law interpreting the jurisdictional scope of [PERA] has broadly included, as falling within PERC's exclusive jurisdiction, those activities which 'arguably' constitute unfair labor practices as defined by section 447.501 'or the type of labor matter or dispute within the contemplation of Part II, Chapter 447." Browning, 796 So. 2d at 1192-93 (quoting Maxwell v. Sch. Bd. of Broward Cnty., 330 So. 2d 177, 180 (Fla. 4th DCA 1976)). Whether a claim is within PERC's exclusive jurisdiction depends of the nature and substance of the claim, not on how the plaintiff labels the claim. Gadzinski v. City of Fort Walton Beach, No. 3:10cv425, 2011 WL 2690403 at *3 (N.D. Fla. 2011) (applying Florida law).

The conduct alleged in the amended complaint clearly falls within PERC's exclusive jurisdiction. The amended complaint alleges that the City and the City of Miami Beach International Association of Firefighters, Local 1510 ("the Union") manipulated the appellants into selecting the three-year DROP option, which prevented them from selecting the five-year DROP option subsequently agreed to by the City and the Union in the 2009-2012 CBA, in order to create vacancies so that certain Union officials could be promoted. It is further alleged that these "side agreements" were not entered into in conformity with PERA and PERC regulations. Because the complained-of conduct allegedly occurred during the collective bargaining process and while the Union Officials were engaging in the scope of their official duties and responsibilities as Union Officials, and the

4

alleged actions by the City Defendants and the Union Officials, if true, would constitute unfair labor practices, the appellants' claims were subject to the exclusive jurisdiction of PERC.

The trial court correctly dismissed the appellants' claims because these claims were within the exclusive jurisdiction of PERC; exhaustion of administrative remedies is required under Florida law before the courts may consider matters within the purview of an administrative agency, see Gulf Pines Mem'l Park v. Oaklawn Mem'l Park, 361 So. 2d 695 (Fla. 1978); and the appellants failed to file a PERC complaint prior to bringing the instant lawsuit. Thus, as the trial court recognized, it lacked subject matter jurisdiction over the appellants' claims.

II. The appellants' claims were also time-barred

The jurisdictional statute of limitation to file a PERC complaint under section 447.503(6)(b) is six months. Fla. Marine Fisheries Comm'n v. Pringle, 736 So. 2d 17, 20 (Fla. 1st DCA 1999). The appellants learned about the five-year DROP option on April 29, 2010; the five-year DROP option was ratified on or about July 14, 2010; Bouchard retired on August 31, 2012; and Amato retired on March 31, 2013. Whether the jurisdictional time-clock began to run when the appellants first learned of the five-year DROP option, or when the five-year DROP option was ratified, it is clear that the six-month time period to file their PERC

5

complaints had expired well before they filed their civil complaint in 2015. Thus, the trial court correctly concluded that the applicable statute of limitations barred the appellants' claims as to the City Defendants and the Union Officials.

As to the outside consultant, the appellants filed a claim against him for breach of fiduciary duty. A breach of fiduciary duty claim may be based on negligence or intentional conduct, but under either alternative, the statute of limitations is four years. See § 95.11(3) (a), (o), (p), Fla. Stat. (2010); Kelly v. Lodwick, 82 So. 3d 855, 857 (Fla. 4th DCA 2011) ("Under the statute of limitations, actions for . . . breach of fiduciary duty must be commenced within four years of when the cause of action accrued."). The appellants' cause of action against the outside consultant accrued either when they learned of the five-year DROP option on April 29, 2010, or at the latest, on July 14, 2010, when the five-year DROP option was ratified. Since the appellants did not file their lawsuit until March 2, 2015, the trial court correctly determined that the appellants' claims against the outside consultant was also time-barred.

## Conclusion

Although the trial court also found that the City Defendants were protected by sovereign immunity and that the outside consultant had no fiduciary relationship with the appellants, we need not address those findings based on our conclusions that the trial correctly determined that it lacked subject matter

jurisdiction over the appellants' claims against the Union Officials and the City Defendants, and the claims against all fourteen appellees were time-barred.

Affirmed.