DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CITY OF HOLLYWOOD,**
Appellant,

v.

**EDWARD C. PERRIN,**
Appellee.

No. 4D19-136

[ March 25, 2020 ]

Appeal of nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John B. Bowman, Judge; L.T. Case No. CACE 18-013878 (02).

Paul T. Ryder, Jr., of Weiss Serota Helfman Cole & Bierman, P.L., Coral Gables, for appellant.

Bruce H. Little of Bruce H. Little, P.A., Fort Lauderdale, for appellee.

PER CURIAM.

The City of Hollywood ("the City") appeals an order compelling arbitration of a grievance filed by Edward C. Perrin (the "Employee"). We reverse for two reasons—first, because the trial court lacked jurisdiction to order the parties to arbitrate; and second, because the Employee's union had the exclusive right to arbitrate his grievance.

Edward C. Perrin ("the Employee") filed a complaint in the trial court to compel arbitration. He alleged that he was employed by the City, and that he was covered by the collective bargaining agreement ("the CBA") between the City and the City Employees Local 2432 of AFSCME, AFL-CIO a/k/a American Federation of State, County and Municipal Employees, Local 2432 ("the Union"). He also alleged that he "individually" "filed a grievance seeking recalculation of his longevity and seniority pursuant to the CBA as well as adjustments of pay and benefits." In addition, he alleged that he followed the grievance procedure, as outlined in Article 29 of the CBA, but as to the final step, arbitration, the City informed him that his "request to bring his individually filed contract interpretation grievance to arbitration [was] prohibited."

The Employee attached Article 29 to the complaint, titled: "Grievance Procedure and Arbitration." Step 3 of Article 29 is at issue in this case, and states:

> If the Union, *or the aggrieved employee if the Union is not processing the grievance which challenges a disciplinary action against that employee (but not a contract interpretation grievance),* is not satisfied with the decision rendered at Step 2, the Union, *or the aggrieved employee if the Union is not processing the disciplinary grievance,* may, within fourteen (14) calendar days from receipt of the City Manager's decision, submit the grievance to arbitration, by requesting a list of arbitrators from the Federal Mediation and Conciliation Service (F.M.C.S.) or the American Arbitration Association (AAA), the choice of agency within the discretion of the Union. *Only the Union is authorized to take contract interpretation grievances to arbitration. . . .*

(Emphasis added).

In response, the City filed a motion to dismiss the complaint, arguing: (1) the trial court did not have jurisdiction over the action, because the conduct alleged in the complaint arguably constituted an unfair labor practice and therefore the Public Employees Relations Commission ("PERC") had exclusive jurisdiction over the claim; and (2) the Union exclusively reserved the right to submit grievances involving contract interpretation under the CBA, and therefore, since the Employee was attempting to bring his grievance "individually," the CBA did not require the City to arbitrate without the Union's involvement.

At a hearing on the motion to dismiss, the Employee argued that the only issue for the trial court to decide was whether the Employee has the right to arbitration and that the arbitrator must decide the ultimate issue of arbitrability. The trial court agreed, stating:

> I do not think this is a PERC issue at all. I happen to agree that if it is even available to arbitration that's up to the arbitrator who may decide that they have no standing, they may not be worthy or whatever, but I leave that to them to decide if it falls within their province, and they can take it from there.

2

In its written order denying the City's motion to dismiss and compelling arbitration, the trial court stated:

1. The Court finds that the claim brought by [the Employee] in this Complaint is not within the exclusive jurisdiction of [PERC] and is not pre-empted under the Public Employees Relations Act, Chapter 447 Part II, and so this Court has subject matter jurisdiction over this claim. Accordingly, the Defendant's Motion to Dismiss on those grounds is hereby DENIED.

2. Based upon the fact that this Action is brought pursuant to Florida Statute 682.03 (2018), the Motion to Dismiss on the grounds related to the language of the grievance process in the [CBA] is denied and the parties are hereby ordered to proceed to Step 3 in the [CBA] and arbitrate the issues of this case as required by the [CBA], including the questions raised by Defendant as to whether [the Employee] has the right to take the contract interpretation grievance he filed as an individual employee (without the Union) to arbitration under the terms of the [CBA].

The City appealed the order denying the motion to dismiss and compelling arbitration.

*Standard of Review*

"The standard of review of a trial court's order on a motion to compel arbitration is de novo." *Northport Health Servs. of Fla., LLC v. Louis*, 240 So. 3d 120, 122 (Fla. 5th DCA 2018).

*Issues on Appeal*

We combine two of the City's arguments on appeal and address the following two issues: (1) whether the trial court had jurisdiction to order the parties to arbitrate; and (2) whether the Union had the exclusive right to arbitrate the Employee's grievance, thereby prohibiting the Employee from attempting to arbitrate individually.

*Whether the Trial Court Had Jurisdiction to Order the Parties to Arbitrate*

"Chapter 447, Part II, Florida Statutes (2009), which is commonly referred to as the Public Employees Relations Act ('PERA'), governs labor relations and collective bargaining activities between public employees,

public employers, and employee organizations (unions) representing employees in Florida." *Amato v. City of Miami Beach*, 208 So. 3d 235, 237 (Fla. 3d DCA 2016). "Under PERA, the Florida Legislature created [PERC], and empowered PERC 'to settle disputes regarding alleged unfair labor practices.'" *Id.* (quoting § 447.503, Fla. Stat. (2009)). If a subject matter falls within PERC's exclusive jurisdiction, "[a] party may not bypass PERC's jurisdiction and proceed directly to arbitration." *State v. Int'l Union of Police Ass'ns*, 927 So. 2d 946, 947 (Fla. 1st DCA 2006). "Case law interpreting the jurisdictional scope of [PERA] has broadly included, as falling within PERC's exclusive jurisdiction, those activities which 'arguably' constitute unfair labor practices as defined by section 447.501 'or the type of labor matter or dispute within the contemplation of Part II, Chapter 447.'" *Browning v. Brody*, 796 So. 2d 1191, 1192–93 (Fla. 5th DCA 2001) (quoting *Maxwell v. School Bd. of Broward Cty.*, 330 So. 2d 177, 180 (Fla. 4th DCA 1976)). We conclude that the Employee's grievance satisfies this requirement and that PERC has exclusive jurisdiction.

The Employee's grievance, in its entirety, states:

> The City . . . is misapplying Articles 36 and 42 of the [CBA] between the City . . . and the employees covered by the Agreement in calculation of longevity and seniority, thereby causing loss of pay and other benefits. Grievant, herein, is a member of the bargaining unit and has raised the issue with the employer without resolution. Grievant seeks recalculation of his longevity and seniority pursuant to the Agreement, as well as adjustments of pay and benefits. Grievant was last paid on February 11, 2018.

The City argues that the Employee's claim arguably constitutes an unfair labor practice in violation of subsections (a) and (f) of section 447.501(1), Florida Statutes (2018), which state:

> (1) Public employers or their agents or representatives are prohibited from:

> (a) Interfering with, restraining, or coercing public employees in the exercise of any rights guaranteed them under this part.

> . . .

> (f) Refusing to discuss grievances in good faith pursuant to the terms of the collective bargaining agreement with either the

certified bargaining agent for the public employee or the employee involved.

Neither party explicitly discuses section 447.401, Florida Statutes (2018), which provides that "[e]ach public employer and bargaining agent shall negotiate a grievance procedure to be used for the settlement of disputes between employer and employee, or group of employees, involving the interpretation or application of a collective bargaining agreement." § 447.401, Fla. Stat. The statute requires that the procedure "shall have as its terminal step a final and binding disposition by an impartial neutral, mutually selected by the parties." *Id.* Almost this exact language is found in section 1 of Article 29 of the CBA.

Section 447.401 clearly indicates a path to arbitration, and PERC has stated:

> An employer's refusal to discuss a grievance in good faith pursuant to the terms of a collective bargaining agreement with either the certified bargaining agent or the public employee involved is clearly and expressly prohibited by Section 447.501(1)(f). Moreover, *such a refusal inherently interferes with a public employee's Section 447.401 right, thereby constituting conduct prohibited by Section 447.501(1)(a).*

*Westfall v. Orange Cty. Bd. of Cty. Comm'rs*, 8 F.P.E.R. ¶ 13367 at 648 (1982) (emphasis added). Here, the Employee's complaint alleged that he had a right to proceed with his grievance under the multistep process articulated in Article 29 of the CBA, that he contacted the City to participate in arbitration, and that the City declined to arbitrate. In his prayer for relief, the Employee asked the trial court to compel arbitration pursuant to the CBA and to retain jurisdiction to ensure the City complied with the CBA.

Referring to his original grievance, the Employee argues that it did not involve a charge of an unfair labor practice. However, "[w]hether a claim is within PERC's exclusive jurisdiction depends of the nature and substance of the claim, not on how the plaintiff labels the claim." *Amato*, 208 So. 3d at 237. Here, the Employee's claim alleges the City refused to discuss the grievance in good faith, which is an inherent interference with section 447.401, and "constitut[es] conduct prohibited by Section 447.501(1)(a)." *Westfall*, 8 F.P.E.R. ¶ 13367 at 648; *see also City of Miami v. Fraternal Order of Police, Miami Lodge 20*, 511 So. 2d 549, 552 (Fla. 1987) ("[PERC's] policy of deferral represents a reasonable method for

PERC to give effect to all of **its** statutory duties, particularly the mandatory requirements of section 447.401." (emphasis added)). Thus, the Employee's complaint arguably contained an unfair labor practice charge under the exclusive jurisdiction of PERC.[1]

Additionally, we have previously found that this type of determination is within the exclusive jurisdiction of PERC. *See Bd. of Trs. of City v. City of Hollywood, Fla.*, No. 4D13-15, 2014 WL 2526855 (Fla 4th DCA May 7, 2014) ("[S]uch matters – including whether the [appellants] have standing to be heard by PERC – are subject to PERC's exclusive and preemptory jurisdiction.").

Therefore, the trial court erred in denying the City's motion to dismiss and compelling arbitration.

*Whether the Union Has the Exclusive Right to Bring the Employee's Claim*

The City also argues that the trial court erred in compelling arbitration because the CBA dictates that only the Union can bring the type of claim filed by the Employee. We thus examine: (1) whether the CBA states that the Union has the exclusive right to bring a certain claim; and (2) whether the Employee's claim fits into that category. Notably, for the trial court to order arbitration pursuant to section 682.03, Florida Statutes (2018), there must be an enforceable agreement to arbitrate. *See* § 682.03(3), Fla. Stat. (2018) ("If the court finds that there is no enforceable agreement to arbitrate, it may not order the parties to arbitrate pursuant to subsection (1) or subsection (2).").

Step 3 of Article 29 of the CBA states:

> If the Union, *or the aggrieved employee if the Union is not processing the grievance which challenges a disciplinary action against that employee (but not a contract interpretation grievance)*, is not satisfied with the decision rendered at Step 2, the Union, *or the aggrieved employee if the Union is not processing the disciplinary grievance*, may, within fourteen (14) calendar days from receipt of the City Manager's decision,

---

[1] The City also argues that we should apply *Robshaw v. Israel*, 260 So. 3d 269 (Fla. 4th DCA 2018), to this case. However, the per curiam affirmance in *Robshaw* lacks precedential value. *See St. Fort v. Post, Buckley, Schuh & Jernigan*, 902 So. 2d 244, 248–49 (Fla. 4th DCA 2005) ("[A] per curiam affirmance decision without written opinion has no precedential value and should not be relied on for anything other than res judicata." (quoting *State v. Swartz*, 734 So. 2d 448, 448 (Fla. 4th DCA 1999))).

> submit the grievance to arbitration, by requesting a list of arbitrators from the Federal Mediation and Conciliation Service (F.M.C.S.) or the American Arbitration Association (AAA), the choice of agency within the discretion of the Union. *Only the Union is authorized to take contract interpretation grievances to arbitration. . . .*

(Emphasis added). Without question, the CBA grants the Union exclusive authority to arbitrate issues of contract interpretation. For reasons explained below, we determine that the Employee's grievance sought arbitration over an issue of "contract interpretation."

The Employee's grievance alleged that the City was "mis*applying*" the CBA. Determining whether the CBA was misapplied would first require interpreting the CBA. Indeed, the trial court found in its order denying the City's motion to dismiss and compelling arbitration that the Employee's grievance involved an issue of contract interpretation. The trial court ordered:

> [T]he parties . . . to proceed to Step 3 in the [CBA] and arbitrate the issues of this case as required by the [CBA], including questions raised by [the City] as to whether [the Employee] has the right to *take the contract interpretation grievance he filed* as an individual employee (without the Union) to arbitration under the terms of the [CBA].

(Emphasis added). Thus, the trial court did not find that the arbitrator should determine *whether* the Employee's claim involved contract interpretation, but instead found that the arbitrator should determine whether the Employee had a right to take "*the* contract interpretation grievance" as an individual.

Finally, we note that additional language in the CBA demonstrates that the Employee's grievance, brought as an individual, was improper. Step 3 of Article 29 states: "If the Union, *or the aggrieved employee if the Union is not processing the grievance which challenges a disciplinary action against that employee (but not a contract interpretation grievance) . . . .*" (Emphasis added). The City suggests that this language indicates that there are two categories of grievances: (1) ones regarding disciplinary action; and (2) ones regarding contract interpretation. The Employee's claim clearly does not fit into the category of challenging a disciplinary action, and his grievance, brought as an individual, was improper under the CBA.

The Employee also argues that the issue of arbitrability is arbitrable.

7

However, the two cases the Employee relies on do not support his position in this case. *See Newman for Founding Partners Stable Value Fund, LP v. Ernst & Young, LLP*, 231 So. 3d 464, 467 (Fla. 4th DCA 2017) ("We find that the delegation clause contained in the arbitration provision of the engagement agreement controls the determination of what issues are subject to arbitration. Generally speaking, when a delegation provision is included in an arbitration agreement, the court 'only retain[s] jurisdiction to review a challenge to that particular provision. Absent a direct challenge, we must treat the delegation provision as valid and allow the arbitrator to determine the issue of arbitrability.'" (alteration in original) (quoting *Angels Senior Living at Connerton Ct., LLC v. Gundry*, 210 So. 3d 257, 258 (Fla. 2d DCA 2017))); *Bank of Am., N.A. v. Beverly*, 183 So. 3d 1099, 1101 (Fla. 4th DCA 2015) ("The question whether the parties have submitted a particular dispute to arbitration, *i.e.,* the '*question of arbitrability,'* is 'an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise.'" (alteration in original) (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002))).

The Employee has not pointed to any provision in the CBA allowing the parties to delegate the issue of arbitrability. Thus, the trial court also erred in compelling arbitration where the Employee could not arbitrate his grievance individually.

*Conclusion*

We reverse the order on appeal and remand with instructions for the trial court to dismiss the complaint.

*Reversed and Remanded.*

TAYLOR, MAY and KLINGENSMITH, JJ., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**